UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| CHRIS SEVIER | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:13-1098 |
| | ] | Judge Campbell |
| JOHN RICH, et al. | ] | |
| Defendants. | ] | |

# **O R D E R**

On October 7, 2013, the plaintiff filed an application to proceed in forma pauperis (Docket Entry No. 2).

The application indicated that the plaintiff had no income or assets other than a small amount of money in a checking account and an automobile. From this meager information, the Court was unable to determine how the plaintiff had been supporting himself for the past year. For that reason, an order (Docket Entry No. 3) was entered granting the plaintiff thirty (30) days in which to either pay the full amount of the filing fee or submit a signed statement setting forth with specificity the sources and amounts of any income, benefits, or assets he used to support himself for the previous twelve month period.

The plaintiff was forewarned that his application would be denied if he failed to comply with the Court's instructions. Despite this warning, the plaintiff neglected to respond to the order. Accordingly, the plaintiff's application to proceed in forma pauperis was denied. He was granted thirty (30) days in which to submit the full filing fee of four hundred dollars ($400).

The plaintiff was forewarned that the instant action would be dismissed for failure to

prosecute if he did not pay the filing fee within the specified period of time. Docket Entry No. 6. The plaintiff neither paid the filing fee nor responded to the Court's order in any way within the thirty (30) day period. As a consequence, this action was dismissed for failure to comply and for want of prosecution. Docket Entry No. 10.

Presently before the Court are plaintiff's Motion for Reconsideration (Docket Entry No. 12) and a thirty-one (31) page Memorandum (Docket Entry No. 13) in support of said Motion.

According to the Memorandum, the dismissal for failure to pay the filing fee was nothing more than a "mere technicality". Docket Entry No. 13 at pg. 1. The plaintiff declares that he has no income. *Id.* at pg. 19. But, the plaintiff acknowledges that he receives federal and state disability benefits and argues these benefits should not count as income for purposes of his pauper application. *Id.* at pg. 11.

The plaintiff was given several opportunities to convince the Court that he could not afford to pay the filing fee. He chose to not respond to those opportunities and, as a result, the Court did not err in first denying plaintiff's application and finally dismissing the case.

The Court finds no merit in the plaintiff's Motion for Reconsideration. The Motion, therefore, is hereby DENIED.

It is so ORDERED.

                                                                                            _____
                                                                                            Todd Campbell
                                                                                            United States District Judge